IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAYSAUN SOLDRICH        :
                        :
     Appellant,         :        CIVIL ACTION
                        :
v.                      :        NO. 1:12-CV-4373-WSD-ECS
                        :
CAROLYN W. COLVIN,      :
Commissioner of Social Security :
                        :
     Rsependent.        :

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Commissioner's motion for partial dismissal for lack of subject matter jurisdiction. [Doc. 10]. For the following reasons, the undersigned **RECOMMENDS** that Defendant's motion for partial dismissal, [Doc. 10], be **DENIED as moot** and that this action be **DISMISSED without prejudice** pursuant to Plaintiff's letters filed with the Court, [Docs. 15, 16], construed herein as notices of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

On December 19, 2012, Appellant, proceeding pro se, initiated the present action by filing an application to proceed in forma pauperis with a complaint, appealing the final decision of the Commissioner finding him not to be disabled. [Doc. 1]. Among Appellant's requests for relief was an order for the Commissioner to waive collection of a previous overpayment to Appellant in the

amount of $29,360.00. [Id. at 1]. The undersigned granted
Appellant's application, [Doc. 2], and service was effected upon the
government.

On March 13, 2013, the Commissioner filed the motion for
partial dismissal that is currently pending before the Court. [Doc.
10]. The Commissioner argues that, with respect to the overpayment
of benefits, the Court is without subject matter jurisdiction to
hear this claim because Appellant has yet to exhaust his
administrative remedies. [Doc. 10-1 at 1]. The Commissioner thus
moves the Court to dismiss the portion of Appellant's complaint that
seeks an order for the Commissioner to waive collection of the
overpayment of benefits. [Id. at 8]. On motion, the Court granted
an additional fourteen days from the date of April 16, 2013, for
Appellant to respond to the Commissioner's motion for partial
dismissal. [Doc. 14].

On April 24, 2013, Appellant submitted to the Court copies of
letters sent to the Commissioner, to the Attorney General of the
United States, to the United States Attorney for the Northern
District of Georgia, and to the Office of the Regional Chief Counsel
for Region IV. [Docs. 15, 16]. In relevant part, these letters each
state the following:

> I, Taysaun Soldrich, would like to dismiss all
> accusations filed against the defendant, based on the
> grounds that the $29,360.00 was waived by the Social
> Security Administration, that they claimed that was owed

by Taysaun Soldrich, the plaintiff. . . . Base[d] on the waiver, the plaintiff, Taysaun Soldrich, would like to dismiss and close out all claims filed against the defendant.

[Docs. 15, 16].

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

Courts in this circuit and others have found that filing a motion to dismiss under Rule 12(b) does not affect a plaintiff's right to dismiss an action voluntarily, with the exception of a 12(b)(6) motion converted to a motion for summary judgment. See West v. Am. Fresh Foods, L.P., No. 7:10-cv-91 (HL), 2011 WL 63563, at *1 (M.D. Ga. Jan. 4, 2011) (denying 12(b)(6) motion as moot and dismissing action pursuant to plaintiff's notice of voluntary dismissal under Rule 41(a)(1)(A)). Accord Aamot v. Kassel, 1 F.3d 441, 444 (6th Cir. 1993) (affirming district court's dismissal of the action when the plaintiff filed a notice of dismissal after the defendant filed a Rule 12(b)(6) motion); Kilpatrick v. Tex. & P.R. Co., 166 F.2d 788, 792 (2d Cir. 1948) (holding that filing a motion to dismiss for lack of personal jurisdiction before the plaintiff filed notice of dismissal did not preclude the plaintiff from voluntarily dismissing the case); Brown v. T-Ink, LLC, No. 07-CV-13111, 2007 WL 4098207, at *3 (E.D. Mich. Nov. 16, 2007) ("It

AO 72A
(Rev.8/82)

is well-established that a plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed. R. Civ. P. 12(b), subject to the exception for Rule 12(b)(6) motions converted to motions for summary judgment.").

In this case, the Commissioner has not filed an answer to Appellant's complaint or a motion for summary judgment. Therefore, following the ruling of <u>West</u> and other courts, the undersigned finds that the requirements of Rule 41(a)(1)(A)(i) have been satisfied and that Appellant's letters, [Docs. 15, 16], should therefore be construed as notices of voluntary dismissal.

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion for partial dismissal, [Doc. 10], be **DENIED as moot** and that this action be **DISMISSED without prejudice** pursuant to Appellant's letters filed with the Court, [Docs. 15, 16], construed herein as notices of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned magistrate judge.

**SO REPORTED AND RECOMMENDED**, this 29th day of April, 2013.


*s/ E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

4